IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

XU'E CHEN,
        Plaintiff,

                                                            **UNDER SEAL**
    v.                                                       Civil No. 3:25cv932 (DJN)

SUZHOUPIAOYANGGUOHAIMAOYIYOUXIANGONGSI,
*et al.*,
        Defendants.

## ORDER
### (Scheduling Hearing and Granting Motion to File Docket Under Seal)

This matter comes before the Court on Plaintiff Xu'e Chen's ("Plaintiff") Complaint

alleging patent infringement against Defendants.  (ECF No. 4.)  Plaintiff also filed an *Ex Parte*

Motion for Leave to File Docket Under Seal, (ECF No. 1), an *Ex Parte* Motion for Temporary

Restraining Order and Asset Restraining Order, (ECF No. 5), an *Ex Parte* Motion for Expedited

Discovery, (ECF No. 9), and an *Ex Parte* Motion for Service of Process by Email, (ECF No. 7).

As an initial matter, the Court hereby SCHEDULES a hearing on Plaintiff's Motion for

Temporary Restraining Order and Asset Restraining Order, (ECF No. 5), on Tuesday, December

9, 2025, at 2:00 p.m. in Courtroom 6300 of the Richmond Courthouse.

Further, the Court hereby GRANTS Plaintiff's Motion for Leave to File under Seal.

(ECF No. 1.)  Plaintiff requests to file under seal the following documents:  (1) Verified

Complaint including the Cover Page, which discloses Plaintiff's name and Schedule A, the

Defendants' online seller names and supporting Exhibits, (ECF No. 4); (2) Plaintiff's Motion to

Seal and accompanying memorandum, (ECF Nos. 1–2); (3) Notice of Waiver for Plaintiff's

Motion to Seal, (ECF No. 3); (4) *Ex Parte* Motion for Temporary Restraining Order and

supporting memorandum, (ECF Nos. 5–6); (5) *Ex Parte* Motion for Expedited Discovery and supporting memorandum, (ECF Nos. 9–10); (6) *Ex Parte* Motion for Service by Email and Supporting Memorandum, (ECF Nos. 7–8).  (ECF No. 1 at 1.)

"It is well settled that the public and press have a qualified right of access to judicial documents and records filed in civil and criminal proceedings." *Gray Media Group, Inc. v. Loveridge*, No. 24-1945, 2025 WL 2679331, at *5 (4th Cir. 2025) (internal quotation omitted). That right "derives from two independent sources:  the common law and the First Amendment." *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004).  Plaintiff seeks to seal the Complaint and subsequently filed motions, a request which is governed by the common law standard. *DSS A.S. v. Pacem Def. LLC*, 2025 WL 908040, at *2 (E.D. Va. Jan. 28, 2025); *In re Knight Publishing Co.,* 743 F.2d 231, 235 (4th Cir. 1984).  "[B]efore a district court may seal any court documents, . . . it must (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcroft v. Conoco*, 218 F.3d 288, 302 (4th Cir. 2000).

Plaintiff asserts a competing interest that outweighs the public's interest in accessing the documents.  (ECF No. 2 at 1–2.)  Plaintiff represents that giving notice of this matter to Defendants would allow them the opportunity to move assets related to their alleged infringing activity away from the jurisdiction of this Court.  (*Id.*)  As such, good cause exists to seal Plaintiff's Complaint, the docket sheet and the Motions contained therein.  *See Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1077 (N.D. Ill. 1996) (observing that "proceedings against those who deliberately traffic in infringing merchandise are often rendered useless if notice is given to the infringers").  Furthermore, no less drastic alternative to sealing

Plaintiff's Complaint and the docket sheet exists. Thus, the Court hereby GRANTS Plaintiff's Motion to Seal Case. (ECF No. 1.) The Court DIRECTS the Clerk to seal Plaintiff's requested filings, (ECF Nos. 1–10), and to seal Defendants' names in the case caption, while maintaining the remainder of the case caption unsealed. The Court also DIRECTS the Clerk to keep the docket under seal if and until this Court grants Plaintiff's Motion for a Temporary Restraining Order and the Order is executed by Amazon.com. Moreover, the Court DIRECTS Plaintiff to file on the public docket a redacted Complaint consistent with this Order.

Let the Clerk file a copy of this Order electronically and notify Plaintiff's counsel.

It is so ORDERED.

_____/s/_____

David J. Novak
United States District Judge

Richmond, Virginia
Dated: November 14, 2025

3